IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID J. BUCHANAN, | § | |
| | § | |
| Defendant Below, | § | No. 357, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0801031784 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 24, 2016
Decided: December 12, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 12th day of December 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, David J. Buchanan, filed this appeal from a Superior Court order denying his motion for modification of probation. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Buchanan's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, in September 2008, a Superior Court jury convicted Buchanan of Burglary in the Third Degree, Resisting Arrest, Criminal

Contempt, three counts of Possession of a Firearm by a Person Prohibited, and two counts of Carrying a Concealed Deadly Weapon. Buchanan was sentenced to nine years of non-suspended Level V incarceration, followed by decreasing levels of supervision. On appeal, this Court affirmed all of Buchanan's convictions, except for the Burglary in the Third Degree conviction.[1] On May 21, 2014, after Buchanan had filed numerous, unsuccessful motions challenging his convictions, we directed the Clerk of the Court to refuse any filing from Buchanan unless the filing was accompanied by the required filing fee or the filing was accompanied by a completed motion to proceed *in forma pauperis*, with the necessary certifications, and that motion was first granted by the Court.[2]

(3)     On March 28, 2016, Buchanan filed a motion to modify his sentence. Buchanan asked the Superior Court to terminate his curfew or end his probation so he could begin working as a commercial truck driver. The State opposed modification until there was verification of Buchanan's employment. Buchanan subsequently filed a letter indicating that while he was disqualified from working for the initial trucking company he had identified in his motion, he had found another job that would still require termination of his curfew or probation. The Superior Court denied the motion. This appeal followed.

---

[1] *Buchanan v. State*, 981 A.2d 1098 (Del. 2009).
[2] *Buchanan v. State*, 2014 WL 2159325, at *1 (Del. May 21, 2014).

2

(4)     On July 12, 2016, this Court issued a notice directing Buchanan to show cause why the appeal should not be dismissed for his failure to comply with the May 21, 2014 order.  Buchanan filed a motion to proceed *in forma pauperis* and responded to the notice to show cause.  After the State indicated it was their position that Buchanan had complied with the Court's May 21, 2014 order, the notice to show cause was discharged.

(5)     We review the Superior Court's denial of a motion under Superior Court Criminal Rule 35(b) for abuse of discretion.[3]  To the extent the claim involves a question of law, we review the claim *de novo*.[4]  Under Rule 35(b), the Superior Court "may ... reduce the fine or term or conditions of partial confinement or probation, at any time."

(6)     In his opening brief, Buchanan does not make any arguments regarding the impact of his probation terms on his search for employment.  Instead, he rehashes and reframes claims he has previously made against his convictions and argues that his convictions should be vacated.  These claims are without merit.

(7)     First, Rule 61, not Rule 35, is the exclusive remedy for a person seeking to set aside a judgment of conviction.[5]  Second, we will not revisit claims

---

[3] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002).
[4] *Weber v. State*, 2015 WL 2329160, at *1 (Del. May 12, 2015).
[5] Super. Ct. 61(a)(2).

that we have previously addressed and rejected.[6] We conclude that the Superior Court did not err in finding Buchanan's sentence remained reasonable and appropriate and denying termination of Buchanan's curfew or probation so he could take a position that required him to be gone for days. As the Superior Court noted, it had already granted Buchanan's request for a Level III interstate transfer so he could relocate to care for his mother in Florida. We remind Buchanan that he is barred from litigating claims in this Court that have been raised or disposed of before in any court.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[6] *See, e.g., Buchanan v. State*, 2011 WL 3452148, at *2-3 (Del. Aug. 8, 2011) (rejecting Buchanan's attacks on protection from abuse order, search of property, and traffic stop and affirming denial of Buchanan's first Rule 61 motion); *State v. Buchanan*, 2014 WL 704408, at *3 (Del. Super. Ct. Feb. 14, 2014) (holding arguments based upon protection from abuse order were barred as previously adjudicated under Rule 61), *aff'd*, 2014 WL 2159325 (Del. May 21, 2014).